IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVE P. HOSS,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED PARCEL SERVICE, INC., INTERNATIONAL BROTHERHOOD OF TEAMSTERS, TEAMSTERS LOCAL #690,<br><br>        Defendants. | Case No. CV 08-498-N-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is a Motion (Docket No. 27) to exclude testimony and strike expert reports of Plaintiff's proposed experts. Plaintiff did not file a timely response nor a request for additional time to respond. As noted in the Court's Order (Docket No. 40), the Court will now decide the motion based on the pleadings timely filed and before the Court. For the following reasons the Court will grant the Motion.

## BACKGROUND

Plaintiff Steve Hoss brings this case against Defendants United Parcel Service (UPS) and International Brotherhood of Teamsters, Local No. 690 (Teamsters) claiming, among other allegations, breach of contract, breach of the

**Memorandum Decision & Order - 1**

duty of fair representation, and breach of the covenant of good faith and fair dealing. *First Amended Complaint* (Docket No. 1) at 13-22. On August 15, 2009, Plaintiff submitted reports by expert witnesses John Gaffin, Michael Melman, and Clarence Barnes to support claims for violation of the duty of fair representation as well as Plaintiff's claim for damages. This was the last day in which the Plaintiff could submit expert witness reports under the Court's Case Management Order. *See Case Management Order* (Docket No. 18) and *Docket Entry Order*, dated July 30, 2009 (Docket No. 25). Defendant UPS now requests that the Court exclude the reports and any testimony by the proposed experts in this matter (Docket No. 27); Defendant Teamsters joins in the Motion (Docket No. 30).

## ANALYSIS

Under the Rules of Evidence, the court is tasked with "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms. Inc.,* 509 U.S. 579, 597 (1993); *see also* Fed. R. Evid. 702. A court may admit expert testimony where such "specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702.[1] Plaintiff in this case, as the proponent of the

---

[1] In further support of this principle, counsel for Defendant cites to *United States v. Brodie*, 858 F.2d 492, 496-97 (9th Cir. 1988), which was overruled by *United States v. Morales*, 108 F.3d 1031 (9th Cir. 1999). While *Morales* overruled *Brodie* on grounds other than that for which *Brodie* is cited, counsel is cautioned to be explicit of such treatments when citing case

**Memorandum Decision & Order - 2**

experts and expert reports, bears the burden of establishing admissibility. *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007)(citations omitted).

### A.     Expert Opinions As To Legal Conclusions Generally Inadmissible

The Ninth Circuit has held that expert testimony is insufficiently helpful, and thus inadmissible, where it simply instructs the jury as to what result it should reach. *Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1059-60 (9th Cir. 2008)(excluding expert testimony regarding application of UCC to facts of the case)(citations omitted).  Matters of law are for the court to determine, and thus "inappropriate subjects for expert testimony." *Aguilar v. International Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) (expert testimony as to the "reasonableness and forseeability" of longshore workers' reliance on application instructions was "utterly unhelpful" and inadmissible).

In this case, Plaintiff alleges violations of Defendants' duty of fair representation under 29 U.S.C. § 158(b), 159(a). *Amended Complaint* (Docket No. 1) at 18.  The Court is unaware of any definitive authority holding that this issue is a question of law and therefore inappropriate for expert witness opinion.  In one case, the district court for the Eastern District of California excluded an expert's

---

authority in memoranda to the Court.

**Memorandum Decision & Order - 3**

opinion regarding whether a union breached its duty of fair representation, but on the court's determination that there was no basis for the proffered expert to form a legal opinion on the issue. *Smith v. Pacific Bell Telephone Co., Inc.*, 649 F.Supp.2d 1073, 1088 (E.D. Cal. 2009). Thus, the Court concludes that a qualified expert may, in the right case and under the right circumstances, offer an opinion as to whether a union has breached the duty of fair representation.

In this case, the report from expert witness Gaffin sets forth the facts of the case then outlines the legal elements of the duty of fair representation and applies it to the facts. *See Exhibit A to Declaration* (Docket No. 27-2) at 9-30. The report of expert witness Melman outlines the inactions or failings by Plaintiff's union representative Mike Valenzuela. *See Exhibit B to Declaration* (Docket No. 27-2) at 78-81. On the face of the Gaffin and Melman Reports, it is unclear that either would be helpful in assisting a trier of fact to understand a complex subject for which expertise is needed or warranted. Absent any useful expertise, the opinions of a proffered expert are no more than instructions for how the trier of fact should decide. Such instructions are inappropriate under *Nationwide Transport* and *Aguilar*. Important in the Court's inquiry here, and as addressed in *Smith*, is whether Plaintiff's proposed experts possess specialized knowledge to support a basis for relying on their opinions.

**Memorandum Decision & Order - 4**

### B.     Experts' Reports Must Indicate Reliable Bases For Opinions

Testimony is only admissible if it is based on "reliable principles and methods." Fed. R. Evid. 702.  "[W]here such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question . . . the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 149 (1999)(internal citations omitted).  To satisfy the standard for reliability of Rule 702, the testimony must represent "more than subjective belief or unsupported speculation."  *Daubert,* 509 U.S. at 590.  The party offering the expert must demonstrate "objective, independent validation of the expert's methodology." *Daubert v. Merrell Dow Pharmaceuticals, Inc. (Daubert II),* 43 F.3d 1311, 1316 (9th Cir. 1995), *cert. denied* 516 U.S 869 (1995).

####     1.     Applicable experience

The Gaffin Report indicates that Gaffin has "over 28 years comprehensive experience in all areas of personnel management and employee relations." *Exhibit A to Declaration* (Docket No. 27-2) at 32.  Although Gaffin describes experience counseling American Airlines personnel regarding the fair duty of representation, it is unclear whether Gaffin's labor relations responsibilities in that role were limited to the Caribbean and Mexico. *Id.*  Also unclear from Gaffin's qualifications, is

**Memorandum Decision & Order - 5**

whether Gaffin otherwise has experience with union matters[2] in the United States. *Id.* at 32-33.  Based on the report submitted to Defendants, the Court finds that Plaintiff has not established that Gaffin has sufficiently relevant knowledge and experience to reliably assist the trier of fact under Rule 702.

> **2.     Reliable methodology**

Plaintiff's proposed expert Barnes addressed damages suffered by Plaintiff due to his loss of employment with Defendant UPS.  In Barnes' report, he determines Plaintiff's lost income by first calculating Plaintiff's yearly income at UPS, including projected yearly raises, and multiplying it by Plaintiff's estimated remaining working years.  Barnes then calculates Plaintiff's current yearly income, but without accounting for any increases, and multiplies this by Plaintiff's estimated remaining working years.  Plaintiff's lost income is then calculated by subtracting the latter figure from the former.  Barnes offers no explanation why the latter figure does not account for any increases in income.  *See Exhibit C to Declaration* (Docket No. 27-2) at 84-86.

When considering the appropriateness of an expert whose proffered

---

[2] Gaffin fails to clarify how and why he, as an employee of American Airlines, was providing training on "how to meet or exceed the Fair Duty of Representation of employees in grievance proceedings."  There is no such duty owed by employees.  It is a judicially created duty that applies only to labor unions.  *See DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 164, n. 14 (1983).

**Memorandum Decision & Order - 6**

testimony is based on experience, it is appropriate for the court to consider whether the "experience-based methodology has produced erroneous results," and "whether such a method is generally accepted" in the relevant field. *Kumho Tire,* 526 U.S. at 151. In this case, the Court finds Barnes' calculation methodology flawed, or at least questionable, and without sufficient reliability under Rule 702.

### 3. Sources of information

An expert witness's report must include the information or data on which the expert relied in formulating his opinion. Fed. R. Civ. P. 26(a)(2)(B)(ii). In this case, neither Melman nor Barnes adequately set forth the information on which they relied in their reports. The Melman Report does nothing more than list purported inactions by Mike Valenzuela, Plaintiff's union representative, without citing any sources of information. *Exhibit B to Declaration* (Docket No. 27-2) at 78-81. The only citation in the Barnes Report is to the U.S. Department of Labor, Bureau of Labor Statistics, as a source used in determining Plaintiff's work-life expectancy. *Exhibit C to Declaration* (Docket No. 27-2) at 84. This one citation lacks sufficient specificity to meet the requirements of Rule 26(a)(2)(B)(ii).

## C. Plaintiff's Expert Witness Reports Fail to Meet Disclosure and Qualification Requirements Under Rule 26

### 1. Complete opinion

Expert witness's written reports must contain a complete statement of the

expert's opinions in the matter and the bases for them.  Fed. R. Civ. P. 26(a)(2)(B)(i).  In this case, Gaffin asserts that the report is subject to completion of a deposition of Mike Valenzuela, and that it was based on one "preliminary" and one follow-up discussion of the facts of this case with Plaintiff's counsel, as well as review of documents.  *Exhibit A to Declaration* (Docket No. 27-2) at 11.  As dictated by court order, the deadline for discovery in this matter has passed.  *Case Management Order* (Docket No. 18).  Despite apparent attempts by counsel to arrange a deposition of Mike Valenzuela, such deposition did not take place.  *Memorandum in Support of Motion* (Docket No. 27-1) at 3, 5.  Even if the Court were to allow Gaffin's Report as written, without additional testimony, Gaffin's disclaimers evince an incompleteness that renders the report unhelpful to a trier of fact.  The report therefore fails to meet the indicia of reliability required under Rule 702, discussed above.

### 2. Witness qualifications

Expert witness's written reports must also include a list of the proposed witness's qualifications and publications, and cases in which the witness has testified as an expert.  Fed. R. Civ. P. 26(a)(2)(B)(iv) and (v).  Melman's Report

**Memorandum Decision & Order - 8**

does not include a resume nor list of cases.[3]  The report provides a general statement that Melman has "nearly 40 years of experience in the area of labor relations and grievance arbitration," and specific experience as the Director of Labor Relations at the University of California, San Diego.  *Exhibit B to Declaration* (Docket No. ) at 81.  Although Melman indicates his duties included "representing the University in Grievance / Arbitration," it is unclear whether – or to what extent  – he represented employees in grievance proceedings, as is at issue in this case.  Indeed, the indication is that his involvement in such grievances and arbitrations was as the employer's representative.[4]   The Court concludes that the Melman Report either fails to satisfy Rule 26(a)(2)(B)(iv)-(v) – to the extent that relevant experience has not been disclosed, or it fails to establish sufficient bases for reliability as discussed above.

### 3.     Compensation

---

[3] As noted by Defendant, the copy of the Melman Report provided by Plaintiff is nearly illegible.  It appears the statement of qualifications is comprised of two paragraphs on page 81 of Docket No. 27-2.

[4] This is a significant shortcoming, since, as noted above, the duty of fair representation is a judicially created duty that applies only to labor unions.  *See DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 164, n. 14 (1983).   Thus, representing employers in grievance and arbitration proceedings may, depending upon the circumstances, have provided Melman with precious little expertise on the issue of a labor organization's duty of fair representation.   Melman's report and resume do not explain the circumstances of his work for The University of California and, thus, provide no explanation as to how his employment as Director of Labor Relations allowed him to develop any expertise in this area.

**Memorandum Decision & Order - 9**

Parties seeking to use expert witnesses or expert witness reports must disclose compensation received by the proffered witnesses. Fed. R. Civ. P. 26(a)(2)(B)(vi). Here, Plaintiff's expert witness reports have included no disclosure of the compensation received, or to be received, by Gaffin, Melman, or Barnes. Plaintiff fails to satisfy this requirement of Rule 26.

### 4. Exclusion for non-compliance

Where an expert's report fails to comply with Rule 26(a)(2)(B), Federal Rule of Civil Procedure 37(c)(1) "gives teeth" to the disclosure requirements by "forbidding the use at trial of any information required to be disclosed by rule 26(a) that is not properly disclosed." *Yeti by Molly v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001). Failure to disclose required information can only be excused if the party seeking to admit expert testimony can show that the failure to disclose is "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Plaintiff has failed to meet the requirements of Rule 26(a) with respect to experts Gaffin, Melman, and Barnes. The Court finds that Plaintiff has not shown that the failure to disclose information required under Rule 26(a) was justified. The Court also finds that failure to disclose in this case is not harmless. As noted by Defendants, the deadlines for expert disclosures, discovery, and dispositive motions have long passed. Defendants have timely filed dispositive motions

**Memorandum Decision & Order - 10**

without benefit of sufficient notice or ability to discover what Plaintiff's experts might assert at or before trial. *See Yeti by Molly Ltd.,* 259 F.3d at 1107 (exclusion of expert testimony sufficient where, in part, late disclosure of expert report negatively impacted ability to depose witness in advance of trial).

Accordingly, the Court finds it appropriate to strike the reports and expert testimony of Plaintiff's witnesses, and will grant Defendant's Motion.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion (Docket No. 27) to Exclude and Strike Expert Reports and Opinions shall be, and the same is hereby, GRANTED.



DATED: **February 20, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge