IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

STEVE P. HOSS,

Plaintiff,

v.

UNITED PARCEL SERVICE, INC., INTERNATIONAL BROTHERHOOD OF TEAMSTERS, TEAMSTERS LOCAL #690,

Defendants.

Case No. CV 08-498-N-BLW

**MEMORANDUM DECISION AND ORDER**

Before the Court are Motions for Summary Judgment (Docket Nos. 31 and 32) by Defendants United Parcel Service (UPS) and International Brotherhood of Teamsters, Local No. 690 (Teamsters). Plaintiff filed a motion for more time to respond to Defendants' Motions on the deadline for Plaintiff's response. *Motion to Continue* (Docket No. 37). In that request, Plaintiff asked the Court to enlarge time for Plaintiff to respond to November 25 or 27, 2009. Plaintiff did not file a response by November 27, 2009. As noted in the Court's Order (Docket No. 41) denying the Motion to Continue, the Court will now decide the Motions for Summary Judgment based on the pleadings timely filed and before the Court. For the following reasons, summary judgment is granted and this matter is dismissed.

## BACKGROUND

Plaintiff Steve Hoss was employed by UPS from March 1995 to October 2007. In October 2007, UPS suspended, then ultimately terminated, Plaintiff's employment based on an incident in which Plaintiff allegedly caused damage to a UPS customer's loading dock door. *First Amended Complaint* (Docket No. 1) at 10-11. Plaintiff grieved the termination and was represented by the Teamsters. The UPS Labor Management Committee found in favor of UPS in the grievance proceedings. Plaintiff then brought this lawsuit against UPS and Teamsters, claiming breach of contract, breach of the covenant of good faith and fair dealing, discrimination, breach of the duty of fair representation, and defamation. *Id.* at 13-22. Defendants now move for summary judgment.

## STANDARD OF REVIEW

One of the principal purposes of summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving party, *id.* at 255, and the Court must not make credibility findings. *Id.* Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The Court must be "guided by the substantive evidentiary standards that apply to the case." *Liberty Lobby*, 477 U.S. at 255. If a claim requires clear and convincing evidence, the issue on summary judgment is whether a reasonable jury could conclude that clear and convincing evidence supports the claim. *Id*.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Id.* at 256-57. The Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir.2001) (quoting *Forsberg v. Pac. Northwest Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).[1] Only admissible evidence may be considered in ruling on a motion for summary judgment. *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir.2002); *see also* Fed.R.Civ.P. 56(e).

## ANALYSIS

### A. Claims for Discharge in Breach of Contract Against UPS, and Breach of Fair Representation Against Teamsters

Plaintiff alleges that UPS terminated Plaintiff's employment in breach of the collective bargaining agreement between Teamsters and UPS. *First Amended Complaint* (Docket No. 1) at 13. Plaintiff also alleges that Teamsters breached its

[1]On summary judgment, the non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 324. In this case, Plaintiff has failed to adhere to Court imposed deadlines for discovery and responsive pleadings. Thus, the Court must rely on the Defendants' pleadings, and information in Plaintiff's First Amended Complaint (Docket No. 1).

duty of fair representation in Teamsters' representation of Plaintiff during Plaintiff's grievance proceedings. *Id.* at 18-21. Where a plaintiff claims his discharge was in breach of his employment contract (under "§ 301" of the Labor Management Relations Act, 29 U.S.C. § 185), and also claims the union breached its duty of fair representation (implied under the National Labor Relations Act), the two claims are inextricably linked; Plaintiff must prove both in order to prevail. *See DelCostello v. Internat'l B'hd of Teamsters*, 462 U.S. 151, 164-65, 103 S.Ct. 2281, 2290-91 (1983); *see also Slevira v. Western Sugar Co.*, 200 F.3d 1218, 1222 (9th Cir. 2000).

In order to show breach of a union's duty of fair representation, "an employee must show that the union's processing of the grievance was 'arbitrary, discriminatory, or in bad faith.'" *Slevira*, 200 F.3d at 1221, *quoting Vaca v. Sipes*, 386 U.S. 171, 186, 87 S.Ct. 903 (1967). A showing of mere negligence is insufficient to establish a breach of the duty. *Slevira*, 200 F.3d at 1221. Rather, a union must have acted in "reckless disregard" of the employee's rights. *Moore v. Bechtel Power Corp.*, 840 F.2d 634, 636 (9th Cir. 1988).

In determining whether a union's conduct is arbitrary, the Court applies a two-step analysis:

> First, we must decide whether the alleged union misconduct involved the union's judgment, or whether it was procedural or ministerial.

> Second, if the conduct was procedural or ministerial, then the plaintiff may prevail if the union's conduct was arbitrary, discriminatory, or in bad faith. However, if the conduct involved the union's judgment, then the plaintiff may prevail only if the union's conduct was discriminatory or in bad faith.

*Wellman v. Writers Guild of America, West, Inc.*, 146 F.3d 666, 670 (9th Cir. 1998)(citations omitted). Decisions whether, and in what manner, to pursue a particular grievance are matters of judgment for the union, and not the courts, to decide. *Patterson v. Internat'l B'hd of Teamsters, Local 959*, 121 F.3d 1345, 1349-50 (9th Cir. 1997), *cert. den.* 523 U.S. 1106 (1998); *see also Peterson v. Kennedy*, 771 F.2d 1244, 1254 (9th Cir. 1985). "Unions are not liable for good faith, non-discriminatory errors of judgment made in the processing of grievances." *Peterson*, 771 F.2d at 1254; *see also Stevens v. Moore Business Forms, Inc.*, 18 F.3d 1443, 1448 (9th Cir. 1994). In determining whether there was bad faith or discrimination on the part of the union, the focus is on the union officials' subjective motivation. *Simo v. Union of Needletrades, Indus. & Textile Employees, SW Dist. Council*, 322 F.3d 602, 618 (9th Cir. 2003).

In this case, Plaintiff's allegations that the Teamsters violated the duty of fair representation concern the manner in which the Teamsters represented him in grievance proceedings. Plaintiff asserts that Teamsters "failed to conduct . . . appropriate investigations . . . or to fairly and aggressively advance the polygraph

test results" provided by Plaintiff, in his defense.[2] *First Amended Complaint* (Docket No. 1) at 19-20. Plaintiff describes the Teamsters' handling of his matter as "perfunctory," and at the same time, "outrageous or extraordinary." *Id.* at 20-21.

The union's actions and inaction about which Plaintiff complains in this matter, were matters of judgment at the union's discretion. Even if the union's representation of Plaintiff had been perfunctory, or included errors of judgment, there must be some basis to conclude it was in bad faith or discriminatory. The Court finds no such basis. There is no evidence of outrageous or extraordinary action or inaction by the Teamsters.[3] There is no suggestion in the Amended Complaint, or elsewhere in the record properly before the Court, that there is a genuine issue of material fact about whether the Teamsters breached the duty of fair representation.

Accordingly, the Court will dismiss Plaintiff's fifth cause of action, alleging breach of the duty of fair representation. In light of *DelCostello*, the Court need

---

[2]Defendants counter that Plaintiff's union representative, Mike Valenzuela, conducted an investigation, and presented the results of the polygraph test at Plaintiff's hearing. *UPS Statement of Facts* (Docket No. 31-2) at 6-8.

[3]At the close of Plaintiff's grievance hearing, when asked if he believed he was properly represented, and whether all the facts have been presented, Plaintiff responded, "Absolutely." *Hoss Deposition* (Docket No. 32-1) at 60.

not address Plaintiff's first cause of action – his claim against UPS for discharge in breach of contract. *Bliesner v. Communication Workers of America*, 464 F.3d 910, 914 (9th Cir. 2006). Even if the Court were to find that there are genuine issues of fact regarding Plaintiff's claim for discharge in breach of the CBA, that claim is intertwined with the breach of fair representation claim. Because the fair representation claim does not survive summary judgment, both claims are dismissed. *DelCostello*, 462 U.S. at 164-65.

**B. Remaining Claims**

Plaintiff states several causes of action concerning breach of the CBA: lack of progressive discipline, breach of good faith and fair dealing, and discrimination. These causes of action fall under the umbrella of Plaintiff's claim for discharge in violation of the CBA. As discussed above, the Court need not address this claim, given the Court's analysis of the fair representation claim. Accordingly, Plaintiff's claims for lack of progressive discipline, breach of good faith and fair dealing, and discrimination are also dismissed. The court next addresses Plaintiff's state law claims.

**1. Preemption**

"A suit for breach of a collective bargaining agreement is governed exclusively by federal law under section 301" of the Labor Management Relations

Act (LMRA). *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987), *citing Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841 (1983); *see* 29 U.S.C. § 185(a). "The preemptive force of § 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement . . . and any state claim whose outcome depends on analysis of the terms of the agreement." *Young*, 830 F.2d at 997 (citations omitted); *see also Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 216, 105 S.Ct. 1904 (1985)(state law tort of "bad faith" was necessarily based on breach of duties in CBA, and is therefore preempted); *Hayden v. Reickerd*, 957 F.2d 1506, 1508-09 (9th Cir. 1991)(state law claims based on torts and requiring interpretation of the terms of a CBA are preempted).

In this case, Plaintiff appears to assert two state law claims: (1) breach of the implied-in-law covenant of good faith and fair dealing, and (2) defamation. Breach of the implied covenant of good faith and fair dealing (already addressed above), is by its very nature, intertwined with the CBA; it is therefore preempted by § 301 and dismissed.

Whether Plaintiff's defamation claim depends on analysis of the CBA requires further consideration. In his Amended Complaint, Plaintiff charges that his termination for "proven dishonesty," as well as the publication of that fact

defamed Plaintiff. In *Tellez v. Pacific Gas & Elec. Co.*, 817 F.2d 536, 538 (9th Cir. 1987), the Ninth Circuit held that an employee's CBA did not govern the employer's alleged defamatory conduct – distributing copies of the employee's suspension letter which accused the employee of buying cocaine while at work – because the CBA "did not require that the employer send a suspension letter." . The Court in *Tellez* therefore concluded that the defamation claim did not require interpretation of his CBA, and was not preempted by § 301. *Id.*; *see also Marbley v. Kaiser Permanente Medical Group, Inc.*, 2009 WL 2157145 (N.D. Cal. 2009)(a defamation claim might not be preempted if properly pleaded so as not to require interpretation of the CBA's terms); *but see Kirton v. Summit Medical Center*, 982 F.Supp. 1381 (N.D. Cal. 1997)(in emotional distress claims, a CBA can be relevant in determining the appropriateness of an employer's behavior, as required in the court's inquiry of such claim).

Plaintiff's case is distinguishable from *Tellez*. Here, as in *Tellez,* the alleged defamatory conduct by UPS was publishing the reason for Plaintiff's discharge – "proven dishonesty" – with knowledge that the statement was false. As noted by UPS, this conduct is addressed in the CBA. *UPS's Memorandum* (Docket No. 31-1) at 17. Article 28, § 2 of the CBA provides that an employee shall be discharged in cases of "proven dishonesty," and that notice of the discharge and reason for

discharge shall be sent "by certified mail to the employee and to the Local Union." *UPS Agreement* (Docket No. 31-4) at 20. Thus, whether UPS's finding of "proven dishonesty" was warranted requires interpretation of the terms of Plaintiff's CBA. Accordingly, the Court finds Plaintiff's state law defamation claim is preempted by § 301, and must be dismissed.

**2. Non-Exhaustion**

As noted by UPS, Plaintiff's CBA requires an employee to grieve an alleged breach of the CBA "within fifteen (15) working days of knowledge of the alleged contractual violation." *UPS Memorandum* (Docket No. 31-1) at 15, *citing UPS Agreement* (Docket No. 31-4) at 18, ¶ 34. The subject of Plaintiff's grievance in this matter was his discharge for proven dishonesty. There is no evidence that Plaintiff properly pursued a grievance under the CBA for discrimination.[4] Although already dismissed for reasons stated above, the Court finds that Plaintiff's discrimination claim also fails for lack of exhaustion.

**C. Conclusion**

Based on the foregoing analysis, the Court finds there is no genuine issue of material fact to be decided at trial. The Court will therefore grant Defendants'

---

[4]According to UPS Business Manager Marc Bauman, "No grievance was filed by or on behalf of Mr. Hoss alleging that he was discriminated against on the basis of his gender." *Bauman Declaration* (Docket No. 31-4) at 5-6, ¶ 14.

Motions for Summary Judgment.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motions for Summary Judgment (Docket Nos. 31 and 32) are, and the same shall be, GRANTED;

IT IS FURTHER ORDERED that this matter is DISMISSED with prejudice.




DATED: **March 12, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge